**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **JEVON M. ELLIOTT,** | ) | |
| **No. B8849,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 14-cv-00279-MJR** |
| | ) | |
| **BURNS,** | ) | |
| **LIEUTENANT WETTBACK,** | ) | |
| **SERGEANT KERSTIN,** | ) | |
| **SWIFT,** | ) | |
| **MICKLESS,** | ) | |
| **BARRONE, and** | ) | |
| **JANE DOE,** | ) | |
| | ) | |
| **Defendants.** | ) | |

<u>**MEMORANDUM AND ORDER**</u>

**REAGAN, District Judge:**

Plaintiff Javon M. Elliott, an inmate in Lawrence Correctional Center, brings this action

for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, based on events while

Plaintiff was in the Jackson County Jail, which is located within the Southern District of Illinois.

This case is now before the Court for a preliminary review of the complaint pursuant to

28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any
> event, as soon as practicable after docketing, a complaint in a civil action in which
> a prisoner seeks redress from a governmental entity or officer or employee of a
> governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable
> claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be
> > granted; or
> > (2) seeks monetary relief from a defendant who is immune from such
> > relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).   Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The claim of entitlement to relief must cross "the line between possibility and plausibility. *Id*. at 557.   At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

According to the complaint, on February 24, 2012, while Plaintiff was being booked into the Jackson County Jail, he was assaulted by correctional officers Swift, Mickless and Barrone, without provocation.  Plaintiff sustained injuries to his forehead, nose, mouth and shoulders. Lieutenant Wettback stood by and did not intervene.  Sergeant Kerstin used a taser gun in order to "detain" Plaintiff during the assault, and Kerstin did not intervene to stop the attack.

Plaintiff did not receive medical treatment for his injuries for approximately 45 days (for reasons unknown), when Nurse Jane Doe assessed his condition.  Nurse Doe refused Plaintiff's request to go to an outside hospital for a second opinion.  Plaintiff was never seen by a physician while he was in the Jackson County Jail.  Instead, Plaintiff had to wait for approximately a year, when his shoulder was x-rayed at Danville Correctional Center.

Plaintiff further faults Sheriff Burns, the chief administrator of the Jackson County Jail, for failing to train and supervise his staff.

Based on the allegations in the complaint, the Court finds it convenient to divide the *pro se* action into three counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

**Count 1: Defendants Swift, Mickless, Barrone, Lieutenant Wettback and Sergeant Kerstin, violated Plaintiff's rights under the Fourteenth Amendment when they assaulted Plaintiff without provocation and/or failed to intervene to stop the assault;**

**Count 2: Defendant Sheriff Burns failed to adequately train and supervise Jail staff, in violation of Plaintiff's rights under the Fourteenth Amendment; and**

**Count 3: Defendant Nurse Jane Doe was deliberately indifferent to Plaintiff's serious medical needs, in violation of the Fourteenth Amendment.**

The complaint describes the defendants as acting with deliberate indifference *and* negligently. Insofar as "negligence" is mentioned in the complaint, Section 1983 creates a cause of action for constitutional deprivations, not negligence. *See Pepper v. Village of Oak Park,* 430 F.3d 809, 810 (7th Cir. 2005). Therefore, no claims of negligence have been recognized; such claims should be considered dismissed without prejudice. *See Smith v. Sangamon County Sheriff's Dept.*, 715 F.3d 188, 191 (7th Cir. 2013).

## Discussion

The constitutional standards applicable to Plaintiff's claims are determined based on whether he was an arrestee, detainee or convict. Based on the allegations in the complaint, it is assumed that Plaintiff Elliott was a pretrial detainee at all relevant times. The Due Process Clause of the Fourteenth Amendment prohibits conditions of confinement for pretrial detainees that amount to punishment. *Board v. Farnham,* 394 F.3d 469, 477 (7th Cir. 2005). Therefore, Plaintiff's claims arise under the Due Process Clause of the Fourteenth Amendment.

*Klebanowski v. Sheahan*, 540 F.3d 633, 637 (7th Cir. 2008).   Although the Fourteenth Amendment offers broader protection, Eighth Amendment case law can generally be used in evaluating such Fourteenth Amendment claims; for all relevant purposes, the standards are interchangeable.   *See Kingsley v. Hendrickson*, __F.3d__, 2014 WL 806956, *4 -*5 (7th Cir. March 3, 2014);*Rice ex rel. Rice v. Corr. Med. Servs.,* 675 F.3d 650, 664 (7th Cir. 2012); *Forest v. Prine*, 620 F.3d 739, 744-45 (7th Cir. 2010).

## <u>Count 1</u>

A detainee is entitled to protection from physically abusive government conduct that amounts to punishment without due process of law.  *Kingsley v. Hendrickson*, __F.3d__, 2014 WL 806956, *4 -*5 (7th Cir. March 3, 2014) (citing *Bell v. Wolfish,* 441 U.S. 520, 535 & n. 16, 447 (1979)).   Correctional Officers Swift, Mickless and Barrone allegedly perpetrated the assault; therefore, Plaintiff has adequately stated a claim against those three defendants.

Lieutenant Wettback and Sergeant Kerstin were somewhat removed from the assault. They both stood by and watched without intervening, and Kerstin, armed with a taser, apparently played a coercive role.  Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation."  *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted).  Consequently, the doctrine of *respondeat superior* is not applicable to Section 1983 actions.  *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001).  "[S]upervisors must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see.  They must in other words act either knowingly or with deliberate, reckless indifference." *Backes v. Village of Peoria Heights,*

*Illinois,* 662 F.3d 866, 870 (7th Cir. 2011).  Based on the allegations, a colorable claim has been stated against Wettback and Kerstin.

Count 1 shall proceed against Correctional Officers Swift, Mickless and Barrone, Lieutenant Wettback and Sergeant Kerstin.

**<u>Count 2</u>**

Count 2 alleges that Sheriff Burns failed to adequately train and supervise Jail staff. Burns is sued only in his individual capacity (*see* Doc. 1, p. 1).  The complaint does not describe or otherwise suggest any personal involvement by Sheriff Burns in the assault or medical care. Therefore, therefore, there is insufficient personal involvement for Section 1983 liability to attach.  *See Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (discussed relative to Count 1).

Under *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978), municipalities—such as Jackson County—may be held directly liable under Section 1983 for official policies or customs that result in constitutional deprivations.  "Actions against individual defendants in their *official* capacities are treated as suits brought against the government entity itself."  *Walker v. Sheahan,* 526 F.3d 973, 977 (7th Cir. 2008) (citing *Hafer v. Melo,* 502 U.S. 21, 25 (1991)); *see also Monell*, 436 U.S. at 691 n. 55.  The failure to adequately train employees may be a basis for imposing liability on a municipality, if the failure to train reflects a conscious choice among alternatives that evinces a deliberate indifference to the rights of the individuals with whom those employees will interact.  *Rice ex rel. Rice v. Correctional Medical Services*, 675 F.3d 650, 675 (7th Cir. 2012).

As already noted, the complaint specifies that Sheriff Burns is sued in his individual capacity.  However, Burns is clearly sued under the *respondeat superior* doctrine, because "he is

legally responsible for the overall operation of the department of the Jackson County Jail" (Doc. 1, p. 1).   The Court cannot merely construe the complaint as asserting an official capacity claim against Burns and/or Jackson County.   The complaint only offers a bare assertion that the assault, and decisions not to secure a physician's opinion or a second opinion from an outside physician, occurred because Sheriff Burns failed to train and supervise Jail staff, which is insufficient to state a claim under the *Twombly* pleading standard.   It remains to be seen whether Plaintiff can sufficiently plead an official capacity claim against Sheriff Burns.   Therefore, Count 2 and Sheriff Burns will be dismissed without prejudice.

### Count 3

Count 3 alleges that when Nurse Jane Doe examined Plaintiff she refused Plaintiff's request to go to an outside hospital for a second opinion.   The complaint implies that Nurse Doe did not think that Plaintiff's injuries warranted examination by a physician and/or the treatment that Plaintiff considered appropriate.

Pretrial detainees have a right to adequate medical care under the Fourteenth Amendment, just as convicted prisoners have under the Eighth Amendment. *See Smith v. Sangamon County Sheriff's Dept.*, 715 F.3d 188, 191 (7th Cir. 2013); *Klebanowski v. Sheahan*, 540 F.3d 633, 637 (7th Cir. 2008); *Williams v. Rodriguez*, 509 F.3d 392, 401 (7th Cir. 2007). The applicable "deliberate indifference" standard requires a plaintiff to show that (1) the harm suffered was objectively serious, and (2) the defendant official acted with deliberate indifference to the plaintiff's health or safety.  *Id*.

Assuming Plaintiff's injuries were objectively serious, the complaint does not contain any allegations that suggest deliberate indifference.   A mere disagreement over the proper course of treatment is not a constitutional violation.  *See Berry v. Peterman*, 604 F.3d 435, 441 (7th Cir.

2010); *Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008).  Furthermore, "the Due Process Clause does not protect a detainee from the negligence or even the gross negligence of prison medical personnel. *See Matos ex rel. Matos v. O'Sullivan,* 335 F.3d 553, 557 (7th Cir.2003).  Such matters are the subject of state tort law.  *Pittman ex rel. Hamilton v. County of Madison, Ill.*, __F.3d__, 2014 WL 904672, 10 (7th Cir. March 10, 2014).  As pleaded, Count 3 fails to state a colorable constitutional claim against Nurse Jane Doe and will be dismissed without prejudice.

In the event Plaintiff contemplates re-pleading a claim against Nurse Jane Doe, it will have to be brought in a separate case, requiring the payment of an additional $400.00 filing fee. In *George v. Smith*, 507 F.3d 605 (7th Cir.2007), the Seventh Circuit emphasized that unrelated claims against different defendants belong in separate lawsuits, "not only to prevent the sort of morass" produced by multi-claim, multi-defendant suits "but also to ensure that prisoners pay the required filing fees" under the Prison Litigation Reform Act.  *George*, 507 F.3d at 607 (citing 28 U.S.C. § 1915(b), (g)).  Although the injuries at issue in Count 3 stemmed from the assault that is the subject of Count 1, there are no common defendants or legal issues, and the key events are factually and chronologically distinct.

### Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated, **COUNT 2** and Sheriff **BURNS** are **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that **COUNT 3** and Nurse **JANE DOE are DISMISSED without prejudice**.  In the event Plaintiff desires to re-plead Count 3 against Nurse Jane Doe, that claim must be brought in a separate action.  Plaintiff is advised that, as a

general matter, any such constitutional claim must be brought within two years of the date of the incident at issue.

   **IT IS FURTHER ORDERED** that **COUNT 1** shall otherwise **PROCEED** against Correctional Officers **SWIFT**, **MICKLESS** and **BARRONE**, **LIEUTENANT WETTBACK** and **SERGEANT KERSTIN**.

   Although the Court is awaiting payment of the $400.00 filing fee, or a motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915, service of summons and the complaint at government expense will be authorized.  Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the $400.00 filing fee ($350.00 if granted pauper status) remains due and payable.  *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Plaintiff is **ADVISED** that if he fails to properly address the delinquent filing fee, this action will likely be dismissed and the fee will be collected pursuant to 28 U.S.C. § 1915(b).

   The Clerk of Court shall prepare for Correctional Officers **SWIFT**, **MICKLESS** and **BARRONE**, **LIEUTENANT WETTBACK** and **SERGEANT KERSTIN**:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.

   If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

   With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if

not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to a United States Magistrate for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding any application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time of any application under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney are deemed to have entered into a

stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: March 24, 2014**

s/ *Michael J. Reagan*
**MICHAEL J. REAGAN**
**UNITED STATES DISTRICT JUDGE**