IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JEVON M. ELLIOTT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 14−cv−0279−MJR−SCW |
| | ) |
| WHITBECK, | ) |
| KERSTIN, | ) |
| SWIFT, | ) |
| MICKULAS, and | ) |
| BARRONE, | ) |
| | ) |
| | ) |
| Defendant. | |

# REPORT AND RECOMMENDATION

**WILLIAMS, Magistrate Judge:**

This Report and Recommendation is submitted to United States District Court Chief Judge Michael J. Reagan pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C). The matter comes before the Court on Defendants' Motion to Dismiss for Lack of Prosecution. (Doc. 34). For the reasons below, it is **RECOMMENDED** that the case be **DISMISSED**.

## BACKGROUND

Plaintiff filed this case on February 24, 2014. (Doc. 1). This case was then referred to the undersigned on March 25, 2014. (Doc. 4). On December 15, 2015, Defendants filed the present motion, alleging that after several attempts to work with Plaintiff to schedule his deposition, Defendants scheduled Plaintiff's deposition for November 23, 2015. (Doc. 34). Plaintiff failed to appear for his deposition. (Doc. 34-4). The Court noticed the motion for a hearing on January 6, 2016 and specifically warned

1

Plaintiff in the notice that failure to appear may result in dismissal.  (Doc. 35).  Plaintiff never filed a response to the motion to dismiss.  Plaintiff did not appear in the courtroom on January 6, 2016.

## ANALYSIS

Federal Rule of Civil Procedure 37(b) authorizes dismissal for failure to obey discovery orders, which the Seventh Circuit has called a "feeble sanction" if it is without prejudice.  *Lucien v. Breweur*, **9 F.3d 26, 28 (7th Cir. 1993)**; FED. R. CIV. P. **37(b)(2)(A)(v).**  Dismissal can also be effectuated via Federal Rule 41(b), which states the general principle that failure to prosecute a case should be punished by dismissal with prejudice.  *Lucien*, **9 F.3d at 29.  Accord James v. McDonald's Corp., 417 F.3d 672, 681 (7th Cir. 2005) (under Rule 41(b), a "district court has the authority . . . to [dismiss a case] for lack of prosecution.").**  Recently, the Seventh Circuit has clarified that sanctions for failure to prosecute must fit the misconduct, and that dismissal is an inappropriate sanction for a lone error.  *Johnson v. Chicago Bd. of Educ.*, **718 F.3d 731, 733 (7th Cir. 2013)("We have held repeatedly that sanctions should fit the misconduct and in particular that dismissal is not the appropriate response to a litigant's errors (or even misconduct) that do not appear to be serious or repeated.").**

Here, Plaintiff has not participated in discovery in this case.  Defendants made every effort to accommodate Plaintiff's schedule, but he ultimately stopped responding to their attempts at communication and failed to appear for a deposition.  Plaintiff is not meeting his obligations as a litigant by refusing to participate in discovery.  Additionally, there are other indications that Plaintiff has lost interest in this case.  He

did not respond or appear to challenge the motion to dismiss.  Notice of the hearing was sent to Plaintiff at the address he provided to the Court, along with an explicit warning that Plaintiff's case could be dismissed for failure to prosecute.  *See Ball v. City of Chicago*, **2 F.3d 752, 760 (7th Cir. 1993) (holding "there must be an explicit warning before the case is dismissed" for failure to prosecute).**  The notice was not returned for failure to deliver it.  Plaintiff failed to appear at the hearing.  Because it appears to the undersigned that Plaintiff is not interested in pursuing this case and because Plaintiff has not met his discovery obligations, the undersigned **RECOMMENDS** that the Court **DISMISS** this case **with prejudice**.

## CONCLUSION

For the foregoing reasons, this Court **RECOMMENDS** that that Plaintiff's Complaint be **DISMISSED** with prejudice for failure to prosecute this case.  Objections to this Report and Recommendation must be filed on or before **January 25, 2016.**

**IT IS SO RECOMMENDED.**
Dated: January 6, 2016                              */s/ Stephen C. Williams*
                                                  **STEPHEN C. WILLIAMS**
                                                  United States Magistrate Judge