IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JEVON M. ELLIOTT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 14-cv-0279-MJR-SCW |
| | ) |
| WHITBECK, | ) |
| KERSTIN, | ) |
| SWIFT, | ) |
| MICKULAS, and | ) |
| BARRONE, | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM & ORDER**

On February 24, 2014, Plaintiff Javon M. Elliott brought this civil rights action related to events which he alleges occurred while in the Jackson County Jail, located within the Southern District of Illinois (Doc. 1). At the time of his filing, Plaintiff was incarcerated at Lawrence Correctional Center, but the Plaintiff has since been released (Doc. 10). A threshold review under 28 U.S.C. § 1915A was conducted on March 25, 2014, wherein claims against Defendants Whitbeck, Kerstin, Swift, Mickulas, and Barrone were allowed to proceed (Doc. 4). The case proceeded with summons being issued against the Defendants (Docs. 13-17), followed by an answer filed for all Defendants (Doc. 31). The Court set a trial date of July 25, 2016, and a trial practice schedule was entered (Doc. 33).

On December 15, 2015, the Defendants entered a motion to dismiss for lack of prosecution (Doc. 34). Counsel for the Defendants note that numerous attempts had

been made to set the Plaintiff's deposition, with the Plaintiff not appearing for his deposition on November 23, 2015 (*Id*. at 2).  The Honorable Stephen C. Williams, United States Magistrate Judge, set a hearing on the motion for January 6, 2016, noting that the Plaintiff's appearance was "mandatory and failure to appear may result in dismissal of the case" (Doc. 36).  Plaintiff failed to appear at the scheduled hearing (Doc. 38).

Now before the Court is a Report and Recommendation ("R&R") submitted by Judge Williams on January 6, 2016 (Doc. 40), detailing the above series of facts, noting that the Plaintiff has not participated in discovery and has not been meeting his obligations as a litigant in a federal case.  The Court notes that ample notice of depositions and hearings have been sent to the address supplied by the Plaintiff, but the Plaintiff has not communicated with the Court since he changed his address and filed a Motion to Proceed *in forma pauperis* (Doc. 11), in April 2014.[1]  Finally, and perhaps most damning, he did not challenge the Defendants' motion to dismiss for failure to prosecute.

In the R&R, the Plaintiff was specifically warned that continued neglect of the lawsuit could result in dismissal under Federal Rule of Civil Procedure 41(b) (Doc. 40 at 2-3).  Based upon the Plaintiff's lack of involvement in the case, the R&R recommended that, the undersigned District Judge grant the Defendants' motion to dismiss this case with prejudice for lack of prosecution.  The parties had until January 25, 2016, to object to the R&R, and that deadline has elapsed.  No party filed any objections or requested

---

[1] The Court further notes that Plaintiff was ordered to pay his partial filing fee of $8.35 within 21 days of the Court's Order of July 7, 2014 (Doc. 23).  No payment was ever made.

an extension of the objection-filing deadline. Accordingly, pursuant to 28 U.S.C. § 636(b), the undersigned District Judge need not conduct *de novo* review of the R&R. **28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").** *See also Thomas v. Arn*, 474 U.S. 140 (1985); *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 741 (7th Cir. 1999); *Video Views Inc., v. Studio 21, Ltd.*, 797 F.2d 538 (7th Cir. 1986).

The Court hereby **ADOPTS** the R&R (Doc. 40) in its entirety, **GRANTS** Defendants motion to dismiss for want to prosecution (Doc. 34). The case is **DISMISSED WITH PREJUDICE**. All settings related to this matter are hereby cancelled. The Clerk of Court **SHALL** enter judgment accordingly.

IT IS SO ORDERED.

DATED:     **January 27, 2016**

                                      *s/ Michael J. Reagan*
                                      Michael J. Reagan
                                      Chief Judge
                                      United States District Court